Herbert T. MITCHELL, Appellant,

v.

Warren CHRISTOPHER,
Secretary of State.

No. 91–5388.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 3, 1993.

Decided June 25, 1993.

Daniel E. Durden, Washington, DC, argued the cause for appellant. William H. Howe, Washington, DC, entered an appearance for appellant.

Daniel Van Horn, Asst. U.S. Atty., Washington, DC, argued the cause for appellee. With him on the brief were Jay B. Stephens, U.S. Atty., at the time the brief was filed, R. Craig Lawrence, and John D. Bates, Asst. U.S. Attys., Washington, DC, William Dempster, Asst. U.S. Atty., Washington, DC, entered an appearance for appellee.

Before: SILBERMAN, BUCKLEY, and WILLIAMS, Circuit Judges.

SILBERMAN, Circuit Judge:

Appellant, an ex-Foreign Service Officer, challenges the district court's dismissal of the action he brought to compel the Secretary of State to implement a remedial recommendation of the Foreign Service Grievance Board. Because the district court based its dismissal on a ground that had not been argued before the Board nor considered by the Secretary, we remand to the district court for further proceedings.

## I.

Herbert Mitchell was involuntarily separated from the Foreign Service after he failed to achieve the promotions required by the Department's personnel policies. The Service has an "up-or-out" promotion system that limits the time an Officer can remain in each grade or class. Officers not promoted from a given class within the time specified by State Department regulations are mandatorily retired. *See* 22 U.S.C. § 4007. In 1984, when Mitchell had not received a promotion since 1969, he was notified that because his time in class was soon to expire he would be separated from the Service.

Appellant filed a grievance with the State Department claiming that the Department had not fulfilled its duty under the Rehabilitation Act, 29 U.S.C. § 790 *et seq.* (1988), to provide counseling and treatment for his chronic alcoholism. According to appellant, if the Department had met its obligations under the Act, he would have been capable of competing more effectively for promotions and would, therefore, not have been facing involuntary separation. The Department denied the grievance, and Mitchell appealed to the Foreign Service Grievance Board. *See* 22 U.S.C. § 4136. The Board determined that the Department had not adequately treated appellant's alcoholism and recommended both that appellant be given a retroactive promotion and that his time in the Foreign Service be extended for four years.

Pursuant to section 4137(d) of the Foreign Service Act, 22 U.S.C. § 4137(d) (1982) (subsequently amended by Pub.L. No. 100–204, § 181(a), 101 Stat. 1331, 1363 (1987) (codified at 22 U.S.C. § 4137(d)(3) (1988))), the Secretary of State reviewed the Board's decision and concluded that implementation of its recommendation of a retroactive promotion would be contrary to law. According to the Secretary, promotions in the Foreign Service must be based solely on merit—no provision of law allows a promotion to be otherwise justified. Neither the Secretary nor the Board was permitted to speculate concerning how appellant would have performed if, hypothetically, his alcoholism had been treated and perhaps ameliorated. The Secretary therefore rejected the recommendation and reiterated that rejection after the Board asked him to reconsider his decision.

Appellant filed a complaint in the district court seeking an order requiring the Secretary to implement the recommendation of the Board. The government moved to dismiss on the ground that the Board never had jurisdiction over appellant's complaint. The Secretary, however, had not questioned the Board's jurisdiction in proceedings before the Board, nor had he relied on this asserted jurisdictional defect in his decision. The district court nevertheless accepted the government's jurisdictional argument and dismissed the case. The court relied on our decision in *Railroad Yardmasters of America v. Harris,* 721 F.2d 1332, 1338–39 (D.C.Cir.1983), for the proposition that a purely legal question that does not require "the development of a factual record, the application of agency expertise, or the exercise of administrative discretion," *id.* at 1338–39 (footnote omitted), could be raised for the first time on judicial review.

## II.

The Secretary's challenge to the Board's jurisdiction implicates a number of difficult issues. At all times relevant to this appeal, section 4131 of the Foreign Service Act excluded from the Board's jurisdiction "any complaint or appeal where a specific statutory hearing procedure exists, except as provided in section 4139(b)." 22 U.S.C. § 4131(b)(4) (1988). The Rehabilitation Act provides such a "specific statutory hearing procedure" for appellant's claim. *See* 29 U.S.C. § 794a(a)(1). The parties agree, however, that section 4139(b) nevertheless allows the Board to hear any complaints that could be heard by the Merit Systems Protection Board (MSPB). Determining the jurisdiction of the Board in this case therefore seems to require not only applying the Foreign Service Act but also deciding whether appellant could have brought his complaint before the MSPB—an issue the parties dispute. The question is further complicated by a recent amendment to the Foreign Service Act that explicitly gives the Board jurisdiction over claims such as appellant's—at least

in the future. The parties disagree over whether that amendment changed or simply clarified the Board's jurisdiction. *See* Foreign Relations Authorization Act, § 153(a)(1)(C), (d)(1)(C), Pub.L. No. 102–138, 105 Stat. 647, 673–74 (1991) (codified at 22 U.S.C. §§ 4131(a)(1), 4139).

■ We need not decide these questions, however, because we agree with appellant that the government's challenge to the Board's jurisdiction was, for one of two alternate reasons, not properly before the district court. The Secretary did not raise the issue before the Board, nor, strangely, did he rely on that ground to reject the Board's recommendation when he sat in review of the Board. In both his initial decision and his reconsideration order, the Secretary stated only that a promotion could be based solely on merit and that the Board could point to no authority allowing it or the Secretary to create a model of appellant's hypothetical performance that could serve retroactively as a basis for promotion.

The parties in their briefs generally, if not invariably, treat this case as if the Board's decision rather than the Secretary's were under review. Appellant insists that the Secretary should be required to accept the Board's recommendation, and the government challenges the jurisdiction of the Board to make the recommendation but ignores the Secretary's failure to mention the jurisdictional defect in his decision rejecting the recommendation. In arguing in this fashion, the parties seem to anticipate an amendment to the Foreign Service Act that became effective only in 1987—after the Board's decision in this case. Under the revised statute, once the Secretary rejects a Board recommendation, the Board's decision after reconsideration, not the Secretary's decision, becomes final. *See* Pub.L. No. 100–204, § 181(a), 101 Stat. 1363 (1987) (codified at 22 U.S.C. § 4137(d)(3) (1988)). But under the statutory scheme that applies to this pre–1987 complaint, the Secretary's decision is final. *See* 22 U.S.C. § 4137(d) (1982).[1]

---

1. Under both the original and revised versions of the statute, the Secretary can reject only those Board recommendations that, if implemented,

would be contrary to law or would adversely affect the foreign policy or national security of the United States. We assume that the Secretary

We are rather puzzled by the presentation of this case. It seems to us that the more obvious vulnerability in the Secretary's position is his failure to rely in his decision on the Board's jurisdictional problem. That failure—combined with the government's litigating posture—implicates *SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) (agency counsel may not rely in an appellate court on a ground the agency did not articulate). Perhaps appellant has no incentive to emphasize that the government's position violated *Chenery*,[2] because that argument, if accepted, would require a remand to the Secretary for him to consider explicitly the rationale advanced by the government on judicial review. And perhaps the government sought permanently to rid itself of the case without delving into the merits by persuading the district court that the proceedings before the Board were inherently defective. It may be that what we see as confusion is caused by the Secretary's dual role under the statute. In his capacity as administrator, he was represented as a party before the Board, yet he reviewed the Board's recommendation in a quasi-judicial role. Be that as it may, no matter what the respective roles of the Board and the Secretary, the district court's decision cannot stand.

■ Assuming, *arguendo*, that the parties are correct and the Board's recommendation had some special legal significance not apparent to us, similar to a decision of an independent adjudicatory agency whose decisions are final, the Secretary would be cast in the role of a petitioner challenging the Board's decision and would have been obliged to raise his jurisdictional argument before the Board. The general rule that objections to agency decisions must be raised before the agency is well settled, *see, e.g., Washington Ass'n for Television & Children v. FCC*, 712 F.2d 677, 680 (D.C.Cir.1983) ("As a general rule, claims not presented to the

agency may not be made for the first time to a reviewing court."); *see also United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952), and the government has the same obligation in this regard as a private party. *Cf. Director, Office of Workers' Compensation Programs v. Edward Minte Co.*, 803 F.2d 731, 735–36 (D.C.Cir.1986). The Secretary cannot justify raising an argument for the first time on review merely by contending that it goes to the Board's jurisdiction. A defect in an agency's jurisdiction, after all, does not affect the subject matter jurisdiction of the district court.

To be sure, in *Railroad Yardmasters of America v. Harris*, 721 F.2d 1332 (D.C.Cir. 1983), we recognized an exception that allows some arguments not made at the administrative stage of a proceeding to be raised by a petitioner for the first time on judicial review. But the district court read *Yardmasters* too broadly. In *Yardmasters*, the petitioner argued for the first time on review that the three-member National Mediation Board lacked any authority to render a decision, because it had had two vacancies when it considered the case. We noted that the challenge concerned the very power of the Board to act, that it involved a pure question of statutory interpretation, and that resolution of the issue did "not require the development of a factual record, the application of agency expertise, or the exercise of administrative discretion." *Id.* at 1338–39 (footnote omitted). We therefore concluded that we could hear the challenge despite the petitioner's failure to raise it before the agency. *See id.* at 1339.

While the language of *Yardmasters* might be construed to allow almost any defect in the jurisdiction of an agency to be raised for the first time on review, our later decisions construing *Yardmasters* have limited the exception to challenges that concern the very composition or "constitution" of an agency.

---

could conclude that it would be contrary to law to implement a recommendation of the Board in a case in which the Board lacked jurisdiction. We cannot imagine that the Secretary could challenge the Board's jurisdiction in federal court but could not rely on a jurisdictional defect when sitting in review of the Board.

2. Appellant does assert that the Secretary did not mention the alleged jurisdictional defect, so he does implicitly raise the *Chenery* issue.

*See USAir, Inc. v. Department of Transp.,* 969 F.2d 1256, 1259–60 (D.C.Cir.1992); *Linemaster Switch Corp. v. EPA,* 938 F.2d 1299, 1308–09 (D.C.Cir.1991); *Natural Resources Defense Council v. Thomas,* 805 F.2d 410, 428 & n. 29 (D.C.Cir.1986). Our narrow reading of *Yardmasters* is, in part, based on our recognition that there are precious few cases involving interpretation of statutes authorizing agency action in which our review is not aided by the agency's statutory construction—even when the issue can be properly characterized as going to an agency's jurisdiction (which itself is often disputed). Although we have reserved the question whether an agency's interpretation of " 'a statute delimiting its jurisdiction' " is entitled to *Chevron* deference, *see, e.g., United Transp. Union v. United States,* 987 F.2d 784, 790 n. 4 (D.C.Cir.1993) (quoting *Public Utilities Comm'n v. FERC,* 900 F.2d 269, 275 n. 5 (D.C.Cir.1990)), we nevertheless have insisted that jurisdictional questions be put to agencies before they are brought to us, *see id.* 987 F.2d at 789–90 & n. 4; *cf. Linemaster Switch,* 938 F.2d at 1309. The Secretary was obliged to raise his jurisdictional argument before the Board, if, as the parties seem to assume, the Board, under the old statute, was to be treated similarly to an independent adjudicatory agency.

█ If the Board were the final agency adjudicator, that would mean that the Secretary had waived his jurisdictional claim and that the case would have to be remanded to the district court for determination of the merits—that is, for resolution of the question whether the Secretary's or the Board's view of the laws regulating promotions in the Foreign Service is correct. As we have indicated, however, despite the parties' confusing arguments, it appears to us that it is the Secretary's decision that is on review, and if the Secretary believed that the Board lacked "jurisdiction" to entertain the case and to make the recommendation to him, it was for the Secretary, acting as final agency adjudicator when he reviewed the Board's recommendation, to so state. The Secretary's failure to do so raises, as we noted, a *Chenery* problem. The Secretary cannot support his rejection of the Board's recommendation in court with post-hoc rationalizations that formed no part of the stated reasons for his action. Under these circumstances, and because we are uncertain as to the relationship between the Board and the Secretary, we think the proper disposition is to remand to the district court so that it can determine whether the case should be remanded to the Secretary.

*So ordered.*