Lois LOWE, Petitioner

v.

**SURFACE TRANSPORTATION BOARD and United States of America, Respondents**

**James Riffin and Maryland Transit Administration, Intervenors.**

Nos. 10–1130, 10–1133.

United States Court of Appeals, District of Columbia Circuit.

Nov. 1, 2013.

Lois Lowe, Cockeysville, MD, pro se.

Craig Mitchell Keats, Deputy General Counsel, Erik Gerrard Light, Office of General Counsel, Washington, DC, for Respondents.

Allison Ishihara Fultz, Esquire, W. Eric Pilsk, Charles Alan Spitulnik, Esquire, Kaplan Kirsch & Rockwell LLP, Washington, DC, for Intervenors.

Before: ROGERS, Circuit Judge, and WILLIAMS and GINSBURG, Senior Circuit Judges.

*JUDGMENT*

PER CURIAM.

This petition for review of an order of the Surface Transportation Board was presented to the court, and briefed and argued. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. See D.C.CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that for the reasons set forth in the accompanying memorandum the petition for review be denied.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en*

*banc.* See FED. R.APP. P. 41(b); D.C.CIR. R. 41.

### Memorandum

Petitioners Lowe and Strohmeyer and Intervenor Riffin ("Offerors") challenge a final decision of the Surface Transportation Board on several grounds. In the decision, the Board allowed Norfolk Southern Railway Company to abandon the Cockeysville Industrial Track ("CIT") and exempted the CIT from the forced-sale requirements of 49 U.S.C. § 10904. Because we find that several of Offerors' arguments are forfeited, and that the remaining ones are without merit, we deny the petition for review.

First, Offerors have forfeited several of their arguments by failing to raise them to the Board. For instance, they claim that Norfolk Southern failed to identify the precise end point of the CIT and that under *Consolidated Rail Corp. v. Surface Transportation Board,* 571 F.3d 13, 19 (D.C.Cir.2009), the Board lacked jurisdiction to determine the precise end point. Offerors also claim that abandonment of the CIT would leave several stranded segments. Since Offerors could have presented both arguments to the Board before its final decision but did not, we find the issues forfeited. See *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (explaining the "general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice"); *Mitchell v. Christopher,* 996 F.2d 375, 378–79 (D.C.Cir.1993) (noting that, except for "challenges that concern the very composition or 'constitution' of an agency," this court has "insisted that jurisdictional questions be put to agencies before they are brought to us").

In addition, although some of the issues Offerors listed in their opening brief could conceivably be construed to challenge the exemption from 49 U.S.C. § 10903, Offerors did not brief these issues; consequently, they are abandoned. See *Terry v. Reno,* 101 F.3d 1412, 1415 (D.C.Cir.1996) ("Simply listing the issues on review without briefing them does not preserve them.").

Second, several claims fail because Offerors do not identify any prejudice that they experienced as a result of the challenged actions. Offerors claim that by striking the filings made by Lowe and Strohmeyer, the Board acted arbitrarily and in violation of their due process rights. Assuming the March 22, 2010, decision to strike was error, however, we can find no prejudice from the challenged action, see 5 U.S.C. § 706, and therefore have no basis to reverse the Board on this ground. We generally do not consider arguments that are raised for the first time in a reply brief. *Bd. of Regents of Univ. of Wash. v. EPA,* 86 F.3d 1214, 1221 (D.C.Cir.1996). Thus, we refuse to consider Offerors' claim that the Board's decision led to a failure by Norfolk Southern to provide requested information. Moreover, the Board accepted Lowe and Strohmeyer's amended filings, which were substantively identical to their original filings. To the extent that Offerors argue that the March 22 order created a period during which the Board unlawfully signaled that they were barred from making additional filings, in fact the Board's Federal Register notice said that responses should be filed by January 25, 2010. 75 Fed.Reg. 516, 517/1 (Jan. 5, 2010). Additionally, the Board determined that the verified letters Lowe stated she would have filed would not have changed the Board's decision, *Norfolk S. Ry. Co.—Petition for Exemption—In Baltimore City and Baltimore Cnty., Md.,* STB No. AB–

290 (Sub–No. 311X), 2012 WL 264190, at *11 (served Jan. 27, 2012) (denying petition to reopen), and we have been shown no reason to doubt that. The Board explicitly stated in its March 22 decision that the "ruling does not preclude any financially responsible person from submitting an offer of financial assistance [ ("OFA") ] in this proceeding at the proper time," leaving the door open to the Offerors' pursuit of that avenue. Because Offerors do not identify any prejudice from the disputed order to strike, the order provides no legal ground to set aside the Board's ultimate decision.

Finally, we consider Offerors' claim that the Board erroneously exempted the CIT from the forced-sale provisions of 49 U.S.C. § 10904. Pursuant to 49 U.S.C. § 10502, the Board may exercise its discretion to exempt rail carriers from statutory abandonment procedures, including the forced-sale procedures set forth in 49 U.S.C. § 10904. We have recognized that, with respect to exemptions from § 10904, "the [Board] properly exercises that discretion when the right-of-way to be abandoned is needed for a public purpose and there is no overriding public need for continued rail service." *Kessler v. Surface Transp. Bd.*, 635 F.3d 1, 5 (D.C.Cir.2011). Substantial evidence existed to show the CIT met the *Kessler* standard, and the Board decision granting Norfolk Southern an exemption from the forced-sale procedures was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (E).

The evidence available to the Board, which is cited in the Board's decision, supports the finding that the CIT met the *Kessler* standard. Ample evidence demonstrated that the CIT is needed for a valid public purpose. Maryland Transit Administration ("MTA") operates its passenger rail service along the line during most hours of the day. When it is not operating the service, MTA uses the line for staging and other purposes. Although in theory freight service could occur during the hours that passenger rail service does not, MTA argued that abandonment was necessary to ensure the safety of the passenger service, and that argument was supported by facts on the ground—MTA's extensive project to double-track the line and its efforts to find permanent alternative transportation for the three shippers on the line. Offerors presented no evidence to the contrary. See *Johnson v. United States*, 628 F.2d 187, 190–91 (D.C.Cir.1980) (noting that hearsay "may constitute substantial evidence" and that "we evaluate the weight each item of hearsay should receive according to the item's truthfulness, reasonableness, and credibility").

The available evidence also supported the Board's finding that there is no overriding public need for continued rail service. No freight traffic has occurred on the CIT since 2005. Two of the three former shippers on the CIT supported Norfolk Southern's abandonment proposal, so the Board accepted MTA's assertion that the alternate shipping plans for the three former shippers were intended to be permanent. In accordance with its previous decision, the Board explained that Intervenor Riffin is not himself a shipper on the CIT. Thus, no actual shipper opposed Norfolk Southern's requests.

In addition, the record supplied only speculative evidence of future demand. For instance, Offerors submitted a list of potential shippers, but the Board noted that none of the potential shippers had formally requested service. Offerors point to no evidence in the record before the Board suggesting that the Board was mistaken. Additionally, the municipal solid waste ("MSW") incinerator Offerors

claimed might need rail service had not even been approved for construction, let alone built. The Board also noted that logistical difficulties raised serious questions about the feasibility of rail transport of the MSW—"short distances [are] involved, ... the MSW movements necessarily originate on trucks, and ... a rail interchange would be needed to complete the delivery of the MSW to the potential incinerator, which, if located on a rail line, would be on a different rail line." Offerors contest the facts of only one of these logistical difficulties—that "the MSW movements necessarily originate on trucks." And even as to that issue, the Offerors' position in their briefs is undercut by material that they themselves have submitted. The Board therefore acted reasonably in determining that rail transportation of MSW to this potential facility was too speculative to demonstrate an overriding public need for continued rail service.

More broadly, the Board did not act arbitrarily or capriciously, or abuse its discretion, in finding that no public need for continued rail service overrides the public purpose MTA wishes to advance. The Board's factual findings were supported by substantial evidence. Thus, we have no basis for setting aside the decision to exempt Norfolk Southern from the procedures of § 10904.