GRIFFITH, Circuit Judge,
dissenting in part:
The majority holds that the per-click rule fails at Chevron step two because the Secretary’s discussion of the legislative history is unreasonable. The Conference Report states that’“[t]he conferees intend that charges for space and equipment leases may be based on ... rates based on units-of-service furnished, so long as the *234 amount of the ... units-of-serviee rates does not fluctuate during the contract period based on the volume or value of referrals between the parties to the lease or arrangement.” H.R. Rep. No. 103-213 at 814, 1993 U.S.C.C.A.N. 1088 at 1503. In the rulemaking, the Secretary responded to comments that pointed to this legislative history and agreed that it showed that “Congress specifically intended to permit certain per-click leases,” however, she “disagree[d] that Congress intended an unqualified exception for per-click leases.” 73 Fed.Reg. at 48,715. The Secretary reached this conclusion by adopting a reading of the legislative history that did not prohibit her from banning per-click leases:
Where the total amount of rent (that is, the rental charges) over the term of the lease is directly affected by the number of patients referred by one party to the others, those rental charges can .arguably be said to “take into account”- or “fluctuate during the contract period based on” the volume or value of referrals between the parties.
Id. at 48,716. Thus, under the Secretary’s reading during rulemaking, the legislative history could be read to preclude per-click leases because the total amount paid to the lessor depends on the number of uses of the equipment, even if the per-click rate itself does not. On appeal, however, the ■Secretary has pressed a different view of the legislative history. Here, she has argued that “the legislative history invoked by the Council does not speak at all to the scope of the Secretary’s ... power to add ‘other requirements’ to the equipment rental exception.... It is thus beside the point whatever light the legislative history might shed on [th'e rental-charge clause].” Appellee’s Br. 28.
The majority insists that the Secretary cannot rely on the reasoning she has put forth on appeal because it was not set out in the rulemaking and Chenery therefore bars us from considering it now. Although the Council raised the Chenéry argument before the district court, see Pl.’s Rep. in Supp. of Mot. for Sum. J. (Dkt. 32) at 2-4, it has not pursued the point on appeal. The majority cites an excerpt from the Council’s reply brief that it argues “implicitly” raises the issue. Generally, we do not consider arguments raised for the first time in a reply brief. See Russell v. Harman Int’l Indus., Inc., 773 F.3d 253, 255 n. 1 (D.C.Cir.2014). The majority contends that looking to the reply brief here is not problematic because the Council did not need to raise Chenery in its opening brief before it knew the Secretary’s litigation strategy. But the majority ignores the fact that this appeal comes to us from the district court, where the Secretary relied on the same rationale she does here and the Council disputed her reasoning based on Chenery. The Council was therefore well aware of the Secretary’s litigating position and should have raised Chenery as a basis for overturning the district court in its opening brief. See Corson & Gruman Co. v. NLRB, 899 F.2d 47, 50 n. 4 (D.C.Cir.1990) (“We require petitioners and appellants to raise all of their arguments in the opening brief to prevent ‘sandbágging’ of appellees and respondents and to provide opposing counsel the chance to respond.”).
In any event, the excerpted language does not raise a Chenery argument, implicitly or otherwise. It states only that the Secretary has not defended the interpretation of the legislative history that was set forth in the. rulemaking. See Appellant’s Reply Br. 1.0'. This is entirely different from an argument that the Secretary’s current analysis was not raised in the rule-making — the argument that “implicitly raised the Chenery issue” in the case on which the majority relies. Mitchell v. Christopher, 996 F.2d 375, 378 n. 2 (D.C.Cir.1993). The majority’s strained *235 reading of the brief is especially suspect given the clarity with which the Council raised the Chenery argument before the district court. See Pl.’s Rep. in Supp. of Mot. for Sum. J. (Dkt. 32) at 2-4. By sua sponte considering an argument the Council has elected to omit from either its opening or reply brief, the majority remands a federal regulation based on an argument not before this court — an action at odds with our precedent. See, e.g., Doe by Fein v. District of Columbia, 93 F.3d 861, 875 n. 14 (D.C.Cir.1996) (holding that the appellant waived an argument not raised on appeal). Cf. Byers v. C.I.R., 740 F.3d 668, 681 (D.C.Cir.2014) (refusing to consider a Chenery argument where the appellant failed to pursue the claim in the court below); see also Utah Envtl. Cong. v. Troyer, 479 F.3d 1269, 1288-92 (10th Cir.2007) (McConnell, J. concurring in part and dissenting in part) (arguing that the majority’s consideration of Chenery claims not raised on appeal “violates well-established principles of appellate review”). The Council is a sophisticated litigant, represented by attorneys familiar with the appellate process. We cannot know why it chose not to bring this particular challenge on appeal, and we should not address what is not before us.
If the argument were properly before us, I would be inclined to agree that the Secretary’s interpretation of the legislative history in the rulemaking was unreasonable. But that approach is foreclosed because the Council has declined to raise the Chenery argument on appeal. I find the arguments the Council actually briefed at Chevron step two unpersuasive, and would thus uphold the per-elick rule based on the Secretary’s reasoning on appeal. On those grounds, I respectfully dissent.